BOUEDIN, J.
delivered the opinion of the court.
The first error assigned in this case is, that the court below erred in overruling the defense of payment by the appellant to Currin, as agent of the appellee.
There is no doubt that Currin was duly authorized in writing by the appellee, in the month of December 1861, to receive of the appellant the amount of the judgment in the proceedings mentioned, abating costs. The judgment, however, was for an ante-war or specie debt; and at the time the authority was given to Currin to receive it, we are at liberty to notice judicially, as an historical fact, that the common currency of the country was at scarcely an appreciable discount, so inconsiderable in fact that the date of the transaction was not embraced within the period included by the act for the adjustment of Confederate liabilities, which did not commence until the 1st of January, 1862. We are bound then to cpn-strue the authority given to Currin, as authorizing him to receive money only, or, at the most, the then existing currency. We think, furthermore, that prompt payment is necessarily to be implied from the nature of the authority given to Currin, from the circumstances under which it was given, and from the terms of the authority itself, by which the agent was authorized to abate the costs of the suit on payment to him of the debt and interest. It will be observed that the offer to pay the amount of the ^judgment, on abatement of the costs, came from the appellant himself through Mr. Currin, the clerk of the court; and is as follows:
“Kewbern, December 10th, 1861.
Dear Sir: — I am instructed by Mr. John S. Ewart to say to you, that if you will pay the costs of the judgment obtained by yourself against him in this county, he will pay the amount into this office,” &c., &c.
This proposition is in the nature of an offer to compromise, and evidently imports an offer of present payment, in consideration of the abatement of costs. It was accepted by Saunders, by immediately sending to Currin authority in writing to receive from Ewart the amount of principal and interest, abating costs. The authority was given, as we have seen, in December 1861, immediately after the receipt by Saunders of Currin’s letter of December the 10th, to which it was a response. Such authority, thus given, was not, we think, a general authority to Currin to. collect a debt due by Ewart to Saunders, to be exercised at any time, however remote, and to receive any currency, however depreciated and worthless it might be; but it was a specific agency or an authority, pro hac vice, to receive an offered payment of an ante-war debt, in money or a sound currency; the payment to be made at once, in consideration of an abatement of costs. Prompt payment was, we think, of the very essence of the arrangement ; and it would be alike unreasonable and unjust to construe such special and evidently limited authority as empowering the agent (as was done by him in this case) to let the matter slumber for two years, and then to receive an ante-war debt, *due in gold or legal tender, in the greatly depreciated currency of that day. His authority so to do was promptly repudiated by the appellee as soon as he heard ’ of the transaction; and in this he was sustained by the Circuit court.
We think there was no error in this ruling of that court.
It will be seen, from what is said above, that we have rested the decision of this branch of the case on the special and limited authority of the agent; such being the case before us. But it may not be improper for us to say that had the power to collect been much more general and unlimited it would not, except under special and peculiar circumstances, have authorized the agent to collect such a debt in the greatly depreciated currency received in this case. Ward v. Smith, 7 Wall. U. S. R. 447; Alley v. Rogers, 19 Gratt. 366.
The next and only other error assigned is that a sale of appellant’s land to satisfy the appellee’s judgment against him was decreed by the court without first ascertaining by an enquiry through a commissioner of the court, or otherwise, that the rents and profits of the land would not satisfy the judgment in five years.
The statute gives to a court of equity the power to enforce the lien of a judgment, and provides that “if it appear to such court, that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree the said estate or any part thereof to be sold,” &c., &c.
It will be observed that the statute prescribes no particular mode by which it shall be made to appear that the rents and profits will not pay the judgment in five years. When there is doubt about the fact, or an inquiry is demanded by either of the parties, the *court will generally direct one of its commissioners to ascertain and report the annual rents and profits of the land. But this is not a necessity in every case. If none of the parties ask such an inquiry there may, in a proper case, be a decree for the sale of the property without it. McClung v. Beirne, 10 Leigh 305; Manns v. Flinn’s adm’r, 10 Id. 93.
In the latter case, which occurred prior to the existing statute, and when the debtor had a right to throw the creditor on the rents and profits of the real estate chargeable with the debt, if the same could thereby be discharged within a reasonable time, it does not seem that the fact that it could not be so discharged was either alleged in the bill or in any manner proved in the cause. That matter was not litigated nor brought in question except in this court, where the objection was taken for the first time to a decree for the sale of the land without ascertaining that the debt could not be discharged within a reasonable time out of the rents and profits thereof. The objection *360 was. overruled and the decree affirmed. On this question Judge Stanard said, p. 100: “It seems from the record in this case, that the whole controversy in the court below related to the existence of the claim and the liability of the lands devised to be charged with it; there was no controversy about the manner of raising the money out of the lands.” And on p. 109 he said: “It is plain that there was no controversy between the parties as to the manner of raising the money; that the decree being interlocutory, the appellants had full opportunity to apply for a modification of it before the sale could take place under it if they preferred a decree so modified to the one which was rendered; that it is nowise apparent that they would have preferred, or will now prefer, -such a modification *of the decree; ;'and that if the3r have such preference! this court may give them the benefit of it without reversing the decree.” The other judges concurred, and the decree was affirmed with costs, but so modified as to allow the appellants the privilege of an account of rents and profits if they should so elect.
The principle thus settled was carried even further in the case of McClung v. Beirne, ubi supra. Judge Tucker, with whom on this point all the judges concurred, said, p. 405, “The next error assigned is the failure to ascertain "whether the rents and profits would not pay the debt in a reasonable time.. To this it may be answered — Rirst, That the defendant not having asked the inquiry may be presumed to have waived it. Manns v. Flinn’s adm’or, reported ante, p. 93,” &c., &c.
These principles apply a fortiori to the case before us, in which the quantity, situation and value per acre of the land sought to be charged is distinctly alleged, and it is directlj' charged that the rents and profits thereof will not discharge the judgment in five years. The defendant in the court below admits in his answer, that he owns the real estate mentioned in the bill; does not controvert the allegation that the rents and profits of the land would not satisfy the judgment in five years, and asks no inquiry into that matter. The only matter of controversy was whether the debt had been paid or not; and the court being of opinion that it was unpaid — was a lien on the lands in the bill mentioned,” and “also that the rents and profits of said real estate will not pay said judgment within five years”— decreed a sale of the land. We think there is no error in this decree; and we reach this conclusion the more readily, because here, as in the case of Manns v. Rlinn’s adm’or, the decree is interlocutory merely; and *if there be doubt about the rental value of the lands, there will be opportunity, on a proper showing in the court below, to make the necessary enquiry now; and the execution of the decree may be suspended for that purpose. And if desired by the appellant’s counsel here, the decree, as in the case of Manns v. Rlinn’s adm’or, will be so modified as to require the Circuit court to make the proper enquiries before the execution of the order of sale; and, thus modified, it must be affirmed with costs.*
We are of opinion, on the whole case, that there is no error in the decree of the Circuit court, and that the same be affirmed with costs, &c.
Decree affirmed.

Note by the Judge— The appellant’s counsel being present in court when this opinion was read, waived any further inquiry as to the rental value of the land.